UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:12-cr-289-JDW-MAP

CHRIS BUCHAN
_____/

## MOTION TO DETERMINE COMPETENCY

Defendant, CHRIS BUCHAN, by and through undersigned counsel and pursuant to 18 U.S.C. §4241, moves this Honorable Court to determine if the Defendant is competent to stand trial and in support thereof states:

1.  The undersigned believes that Mr. Buchan may be suffering from mental disease to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense.

2.  When undersigned counsel was first appointed to the instant case, it was apparent to counsel that Mr. Buchan had some mental health issues, however, counsel believed at the time that Mr. Buchan was able to understand his situation, his options, and confer with counsel.

3.  However, during trial preparation and plea discussions, counsel has become concerned about Mr. Buchan's mental health as well as his apparent inability to

completely understand the court process as well as his options as far as going to trial versus entering a plea.

## MEMORANDUM OF LAW

Title 18, United States Code, Section 4241 authorizes the attorney for the defendant, at any time after the commencement of prosecution for an offense and prior to the sentencing, to file a motion for a hearing to determine the mental competency of the defendant. If reasonable cause exists to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall grant the motion. Prior to the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a report be filed with the court, pursuant to the provisions of 18 U.S.C. §4247(b) and (c).

If, after a hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequence of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility

for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial possibility that in the foreseeable future he will attain the capacity to permit the trial to proceed. If the court determines there is a substantial probability that the defendant's condition will improve, the Attorney General may hospitalize the defendant for an additional reasonable period of time to allow for this to occur, or until the pending charges against him are disposed of according to law.

If it is determined that the defendant's mental condition has not improved so as to permit the trial to proceed, the court shall order a hearing, pursuant to 18 U.S.C. §4246(a), to determine whether the defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another. If necessary to the determination, the court may order an additional psychiatric or psychological examination of the defendant. If after the hearing the court finds by clear and convincing evidence that the defendant's release would create a substantial risk, the court shall commit the defendant to the custody of the Attorney General until he is no longer a danger.

WHEREFORE, the Defendant, Chris Buchan, respectfully moves this Honorable Court to grant his Motion to Determine Competency as outlined in 18 U.S.C. §4241.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the parties.

*s/ Bjorn E. Brunvand*
BJORN E. BRUNVAND, ESQ.
CJA Counsel for the Defendant
615 Turner Street
Clearwater, Florida 33756
Telephone No. (727) 446-7505
Facsimile No. (727) 446-8147
Email: bjorn@acquitter.com
Florida Bar No. 831077